# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-0007 ABC (JCGx) | Date | June 29, 2011 |
|---|---|---|---|
| Title | James Gusman v. Modern Adjustment Bureau | | |

| Present: The Honorable | Audrey B. Collins, Chief United States District Judge | |
|---|---|---|
| Angela Bridges | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** ORDER GRANTING Motion to Dismiss First Amended Complaint (In Chambers)

Pending before the Court is Defendant Modern Adjustment Bureau's Motion to Dismiss Plaintiff's First Amended Complaint ("FAC"), filed on June 8, 2011. (Docket No. 20.) Plaintiff opposed on June 20, 2011 and Defendant replied on June 27, 2011. The Court finds this matter appropriate for resolution without oral argument and VACATES the hearing set for Monday, July 11, 2011. Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons below, the Court GRANTS the motion and DISMISSES Plaintiff's FAC WITH PREJUDICE.

In the FAC, Plaintiff alleges nearly identical facts that caused dismissal of his original complaint. He alleges that, in September 2010, Defendant, a collection agency, attempted to collect a debt that Plaintiff had discharged in Bankruptcy in November 2007. Even though Plaintiff informed Defendant that the debt had been discharged, Defendant reported the debt on Plaintiff's credit report. In the FAC, Plaintiff elaborated on how this action violated three sections of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e(5) and (8) and § 1692f, and the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code section 1788, et seq. The claims under § 1692e(5) and § 1692f are new to the FAC; they were not pled in the original complaint.

With regard to § 1692e(8), Plaintiff alleges that Defendant "represented that it would continue to report the discharged debt against Plaintiff unless Plaintiff paid off the debt." (FAC ¶ 12(a).) For § 1692e(5), Plaintiff alleges that Defendant "[t]hreaten[ed] to take action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including threatening to continue to report on Plaintiff's credit that Plaintiff owed a debt when this debt was already discharged." (Id. ¶ 12(b).) And for § 1692f, Plaintiff alleges that Defendant used "unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt." (Id. ¶ 12(c).)

Defendant has once again moved to dismiss Plaintiff's claims as precluded by Walls v. Wells Fargo Bank, N.A., 276 F.3d 502, 510 (9th Cir. 2002), in which the Ninth Circuit held that claims under the FDCPA are precluded when they are premised on an alleged violations of the Bankruptcy Code, in particular the discharge injunction in 11 U.S.C. § 524. Defendant also complains that Plaintiff was not given leave to file new claims under § 1692e(5) and § 1692f in the FAC. Because the Court finds all of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-0007 ABC (JCGx) | Date | June 29, 2011 |
|---|---|---|---|
| Title | James Gusman v. Modern Adjustment Bureau | | |

Plaintiff's claims barred by Walls, the Court need not address Defendant's other objection.

     A complaint survives a motion to dismiss under Rule 12(b)(6) if it contains a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, __ U.S. __, __, 129 S. Ct. 1937, 1949 (2009). A claim must be "plausible on its face," which means that the Court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.; see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In other words, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotations and alterations omitted). Allegations of fact are taken as true and construed in the light most favorable to the nonmoving party. See Newdow v. Lefevre, 598 F.3d 638, 642 (9th Cir. 2010), cert. denied, 131 S. Ct. 1612 (Mar. 7, 2011). Dismissal without leave to amend is appropriate when a plaintiff has previously amended the complaint. See City of Los Angeles v. San Pedro Boat Works, 635 F.3d 440, 454 (9th Cir. 2011).

     Section 1692e(8) prohibits a debt collector from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." Section 1692e(5) precludes a debt collector from issuing a "threat to take any action that cannot legally be taken or that is not intended to be taken." And § 1692f prohibits a debt collector from engaging in "unfair or unconscionable means to collect or attempt to collect any debt," including various conduct outlined by that section. In Walls, the Ninth Circuit rejected a claim under § 1692f for unfair or unconscionable collection practices because the claim turned on whether the debt collector violated § 524 of the Bankruptcy Code. 276 F.3d at 510. One district court extended Walls to preclude claims under § 1692e(5) and (8) because they turned on alleged violations of the Bankruptcy Code. See Goad v. MCT Group, 2009 WL 4730905, at *2 (S.D. Cal. Dec. 7, 2009).

     Once again, all of Plaintiff's claims turn on alleged violations of the Bankruptcy Code and are foreclosed by Walls. For example, Plaintiff's § 1692e(5) and (8) claims rest on allegations that Defendant falsely threatened to report the "discharged" debt. Obviously, these claims cannot be adjudicated without determining whether those threats were false, which turns on whether the debt was discharged and thus protected by the discharge injunction in § 524. Similarly, Plaintiff's § 1692f claim fails because there is only one act alleged by Plaintiff that was "unfair or unconscionable": Defendant's alleged efforts to collect Plaintiff's discharged debt, which would have been improper only if those efforts violated the discharge injunction in § 524. In fact, the court in Walls addressed that very provision and found the plaintiff's claims to be precluded. See 276 F.3d at 510. As in Walls, these claims all "necessarily entail[] bankruptcy-laden determinations," id., so Plaintiff's claims are precluded.

     Thus, Defendant's motion is GRANTED and the FAC is DISMISSED. The Court previously granted Plaintiff leave to amend his complaint to allege claims that are "factually independent" of the Bankruptcy Code. See Goad, 2009 WL 4730905, at *3 (noting that it may be possible to allege valid claims that are "factually independent of a creditor's violation of the Bankruptcy Code"); see also Goad

v. MCT Group, 2010 WL 1407257, at *3 (S.D. Cal. Apr. 6, 2010) (noting that "not all fair debt collection practices claims are precluded just because the debt at issue was discharged in bankruptcy," so long as the claims "do not turn upon the discharged nature of the debt"). Taking advantage of this leave, Plaintiff filed the FAC, but still did not state valid claims. The FAC must therefore be dismissed WITH PREJUDICE.[1] See San Pedro Boat Works, 635 F.3d at 454.

Defendant is ORDERED to file a proposed judgment dismissing this case **no later than 10 days from the date of this Order.**

**IT IS SO ORDERED.**

: 

Initials of Preparer    AB

---

[1] Plaintiff once again offers nothing to independently support his claims under the RFDCPA (or even identify which provision of the act was allegedly violated). Those claims fail for the same reason Plaintiff's FDCPA claims fail, see B-Real, LLC v. Chaussee (In re Chaussee), 399 B.R. 225, 236–37 (9th Cir. B.A.P. 2008), and will also be dismissed WITH PREJUDICE.